HULL COMPANY and J & J Distributing Co., Plaintiffs,

v.

HAUSER FOODS, INC., individually and doing business as Forest Lake Foods; Maple Foods, Inc., doing business as Rainbow Foods; Hauser's IGA, Inc.; Hauser's Family Center, Inc.; and Gateway Foods of Minneapolis, Inc., Defendants.

Civ. No. 3–89–286.

United States District Court, D. Minnesota, Third Division.

Oct. 2, 1989.

Lawrence H. Meurs, Weinblatt and Davis, St. Paul, Minn., for plaintiffs.

Mark S. Schmitt, Minahan & Peterson, S.C., Milwaukee, Wis., for defendant Gateway Foods.

## ORDER

DEVITT, District Judge.

Plaintiff Hull Company ("Hull") and defendant Gateway Foods of Minneapolis, Inc. ("Gateway") have filed cross motions for partial summary judgment on the issue of whether Hull is entitled to recover funds in the hands of Gateway pursuant to the statutory trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). For the following reasons, Hull's motion will be granted.

## I. BACKGROUND

The facts are undisputed as the parties have stipulated to them. Hull is a distributor of perishable agricultural commodities which routinely sold produce to defendant Hauser Foods, Inc. ("Hauser"), a grocery store operator. Hull and Hauser orally agreed that payment for the produce would be due 45 days after delivery. This agreement was never reduced to writing. Hull's invoices to Hauser stated, however, that payment was due 10 days after delivery.

Hauser is now closed. Gateway is a secured creditor of Hauser which foreclosed upon the secured collateral on April 14, 1989, after Hauser defaulted on its loans from Gateway. Hull claims Hauser owes it $40,737.10 for produce delivered between February 13, and April 14, 1989, of which $26,455.90 is covered by a PACA trust. Hull filed a notice of intent to preserve PACA trust benefits with the Department of Agriculture on April 19, 1989. If the effective time for payment between Hull and Hauser were 10 days, a statutory trust would be created over the produce delivered during the 40 days preceding the filing of the notice of intent to preserve trust benefits, and its proceeds, which amounts to $26,455.90. See 7 U.S.C. § 499e(c). And

if a valid PACA trust exists, Hull would be entitled to recover the res from Gateway.

## II. PACA PROVISIONS

The 1984 amendments to PACA provide that buyers of perishable agricultural commodities hold the purchased commodities, and their proceeds, in trust for the benefit of the seller, until the purchaser actually pays for the commodities. 7 U.S.C. § 499e(c)(1). This statutory trust makes the commodity seller's interest in the commodities superior to that of the buyer's secured creditors. *DeBruyn Produce Co. v. Victor Foods, Inc.*, 674 F.Supp. 1405, 1409 (E.D.Mo.1987). An unpaid commodity seller, however, loses the benefits of this statutory trust unless it files notice of its intent to preserve trust benefits within 30 days:

> (i) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary,
>
> (ii) after expiration of such time by which payment must be made, as the parties have expressly agreed to it in writing before entering into the transaction, or
>
> (iii) after the time the supplier, seller, or agent has received notice that the payment instrument promptly presented by payment has been dishonored.
>
> When the parties expressly agree to a payment time period different from that established by the Secretary, a copy of any such agreement shall be filed in the records of each party to the transaction and the terms of payment shall be disclosed on invoices, accountings, and other documents relating to the transaction.

7 U.S.C. 499e(c)(3).

The United States Department of Agriculture, in its PACA regulations, established 10 days as "the time prescribed by which payment must be made" under 7 U.S.C. § 499e(c)(3)(i) by a purchaser of produce. 7 C.F.R. § 46.2(aa)(5). The regulations also allow parties to elect to use different terms of payment subject to the following conditions:

> Parties who elect to use different times of payment than those set forth in paragraphs (aa)(1) through (10) of this section must reduce their agreement to writing before entering into the transaction and maintain a copy of the agreement in their records. If they have so agreed, then payment within the agreed upon time shall constitute "full payment promptly", *Provided,* That the party claiming the existence of such an agreement for time of payment shall have the burden of proving it.

7 C.F.R. § 46.2(aa)(11).

> *Prompt payment and eligibility for trust benefits.* (1) The times for prompt accounting and prompt payment are set out in § 46.2(z) and (aa). Parties who elect to use different times for payment must reduce their agreement to writing before entering into the transaction and maintain a copy of their agreement in their records, and the times of payment must be disclosed on invoices, accountings, and other documents relating to the transaction.
>
> (2) The maximum time for payment for a shipment to which a seller, supplier, or agent can agree and still qualify for coverage under the trust is 30 days after receipt and acceptance of the commodities as defined in § 46.2(dd) and paragraph (b)(1) of this section.

7 C.F.R. § 46.46(f)(1) & (2).

## III. DISCUSSION

The sole question presented here is whether an *oral* agreement for payment greater than 30 days disqualifies a produce seller from trust protection in light of 7 C.F.R. § 46.46(f)(2). Gateway does not claim any deficiency in Hull's compliance with the notice requirements.

Gateway claims under 7 C.F.R. § 46.46 (f)(2) that Hull does not qualify for trust coverage because it agreed to a term of payment in excess of 30 days. Hull argues that the applicable term of payment is really 10 days because the 45 day oral agreement was never reduced to writing. Hull maintains that because the statute and the regulations require that longer periods be reduced to writing, an oral agreement in ex-

cess of 10 days has no effect. The court agrees with Hull's interpretation.

The problem here is that although the statute and the regulations make it clear that extensions beyond the 10 day term must be in writing, they do not state what the consequences are for failing to reduce such an extension to writing. Moreover, 7 C.F.R. § 46.46(f)(2) merely states that "the maximum time for payment to which a seller ... can agree and still qualify for coverage under the trust is 30 days." This portion of the regulation only says "agree." It does not say whether this means only in writing or orally as well.

However, if Section 46.46(f) is read as a whole, it appears that the type of agreements to which Section 46.46(f)(2) refers are written agreements. Section 46.46(f)(1) makes clear that "parties who elect to use different times for payment must reduce the agreement to writing." The regulations and the statute also state in a number of other places that extensions of payment must be in writing. *See* 7 C.F.R. §§ 46.-2(aa)(11) and 46.46(g); 7 U.S.C. § 499e(c)(3). The logical reading of the regulation then is that in order to have effect, agreements for payment beyond the 10 day limit set by 7 C.F.R. § 46.2(aa)(5) must be in writing and that 7 C.F.R. § 46.46(f)(2) bars trusts only where there is a *written* agreement in excess of 30 days.

Although the court is not aware of any authority directly on point, several cases and administrative decisions support the above interpretation.

The court in *In re Ande Foods, Inc.*, Nos. 89 B2274, 89A243, slip op. at 15 (Bankr.N.D.Ill. July 27, 1989) stated that when there is no written agreement, the time for payment is governed by Section 46.2(aa). In *Ande*, however, it was not proven that there was an oral agreement beyond 10 days.

The court in *In re Prange Foods Corp.*, 63 B.R. 211, 216 (Bankr.W.D.Mich.1986) stated that the regulations "require payment on oral contracts to have been due within 10 days." The court in *Prange*, however, was concerned with a seller who wished to extend his time for filing notice by way of an oral contract.

Several administrative decisions have found that in order for a buyer to be considered to have made "prompt payment" when payment was made beyond the period established by regulation, the buyer must have a written agreement for extension— oral agreements are ineffective. *See In re Caito Produce Co.*, —— Agric.Dec. ——, No. D. 88–511, slip. op. (June 1, 1989); *In re Carpenito Brothers, Inc.*, 46 Agric.Dec. 406 (1987), *aff'd* 851 F.2d 1500 (D.C.Cir. 1988). If agreements for payment beyond 10 days must be in writing in this context to be effective, it seems natural that this would be the case for determining the validity of a trust under the regulations as well. The judicial officer in *Caito* indicated this, although in dicta. *See Caito*, slip op. at 76.

The most logical construction of the regulations in light of the decisions construing them is that the term for payment is that established by the regulations unless there is a written agreement to the contrary. And Section 46.46(f)(2) only disqualifies trusts when there has been a written agreement extending the term for payment beyond 30 days.

Requiring extensions of payment to be in writing to have any effect under the regulations is also in keeping with legislative intent and makes the most sense from a policy perspective. Congress enacted the 1984 PACA amendments to protect unpaid produce sellers against the adverse effects of third party security interests in insolvent buyers' commodities inventories. *See* 7 U.S.C. § 499e(c)(1); *DeBruyn Produce Co. v. Victor Foods, Inc.*, 674 F.Supp. 1405, 1408 (E.D.Mo.1987). Requiring all extensions for payment to be in writing better insures the seller's ability to recover under the trust provisions. Sellers sometimes may be forced into accepting payment late via oral agreement, because they have no other alternative with an insolvent buyer. Sellers should not be disqualified from trust protection because of this. At the same time requiring all extensions to be in writing gives third party secured creditors

the best notice of what exposure a produce buyer actually has under PACA. Written documents can be detected and examined, whereas oral agreements can be difficult to discover.

## CONCLUSION

Partial summary judgment in favor of Hull is appropriate at this time. It is entitled to prejudgment interest as requested at the rate set forth in 28 U.S.C. § 1961 commencing from the date the payment was due. *See In re W.L. Bradley Co., Inc.,* 78 B.R. 92 (Bankr.E.D.Pa.1987); *Debruyn Produce Co. v. Victor Foods, Inc.,* No. 87–0281C(1), slip op. (E.D.Mo. April 29, 1988).

IT IS ORDERED that:

1. Plaintiff Hull's motion for partial summary judgment in the amount of $26,-455.90 plus prejudgment interest is GRANTED; and

2. Defendant Gateway's motion for partial summary judgment is DENIED.